### UNITED STATES v. WARN.

(District Court, D. Idaho, N. D. January 22, 1924.)

#### No. 2010.

1. Banks and banking ⊚⇒257(1)—Indictment for false entries in national bank report held sufficient; "loan," "borrow."

An indictment alleging that a report of a national banking officer of the amount of excess loans was false, in that it failed to report a specified outstanding loan in excess of the lawful limit, though the form of pleading was not to be commended, was not misleading, because it did not expressly charge that such liability, in the language of Rev. St. § 5200, as amended (Comp. St. Ann. Supp. 1923, § 9761), was "for money bor-

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

rowed"; "loan" being the correlative of "borrow," the one implying the other.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Borrow; Loan.]

2. Banks and banking ⚍257(1)—Indictment for knowingly failing to report excess loan held sufficient.

An indictment for false entries by a national bank officer, alleging that an intentionally unreported loan was in excess of the legal limit of one-tenth of the bank's unimpaired capital stock and surplus, was sufficient, without alleging in detail the amount of the capital stock and surplus.

3. Banks and banking ⚍257(1)—Indictment charging false entry of "dummy" note held sufficient.

An indictment charging a national bank officer with making false entries in the books by entering a note purporting to be owing to the bank by one S., when in fact no loan was made to S., the note being a "dummy note," to cover an excess loan to another person, *held* sufficient; "dummy" implying sham, make-believe, a pretended, a feigned something, an imitation, a counterfeit in a general sense, but not necessarily fictitious or forged.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Dummy.]

Frank D. Warn was indicted for making false entries, in violation of national banking laws. On demurrer to the indictment. Demurrer overruled.

E. G. Davis, U. S. Dist. Atty., of Boise, Idaho.

Potts & Wernette, of Cœur d'Alene, Idaho, for defendant.

DIETRICH, District Judge. The defendant, an officer of a national bank, is indicted for making false entries in violation of the national banking laws. The first four counts are predicated upon entries made in reports to the Comptroller, and the last two upon entries made in the books of the bank.

## First Four Counts.

The first four counts are substantially identical in form, and involve the correctness of entries under the heading calling for a report of excess loans. This heading is as follows:

"(7) Loans Exceeding the Limit Prescribed by Section 5200 of the Revised Statutes, Including Balance Due from Nonmember Banks, Exceeding the Limit Prescribed by Section 19 of the Federal Reserve Act. Overdrafts, if Any, Must be Classed with Loans."

In the blank left thereunder for appropriate entries exhibiting the facts, defendant reported one loan in each of the first three counts and "none" in the fourth count. The entry is alleged to be false in each case, in that the bank held another excess loan in each of the three counts, and one such loan in the fourth count, which defendant knowingly failed to report.

It will be observed that in the form heading reference is made to section 5200 of the Revised Statutes (see section as amended October 22, 1919—section 9761 of the 1923 Supplement to United States Compiled Statutes), the language of which, in so far as directly applicable, is as follows:

"The total liabilities to any association [national bank] of any person or of any company, corporation, or firm for money borrowed, including in the liabilities of a company or firm the liabilities of the several members thereof, shall at no time exceed ten per centum of the amount of the capital stock of such association, actually paid in and unimpaired, and ten per centum of its unimpaired surplus fund."

[1] The first and principal point raised by the demurrer is that, while it is alleged that the report was false, in that it failed to exhibit a specified loan outstanding on the date covered by it, which was in excess of the lawful limit, and that "said loan and liability was then and there owing said" bank, there is no express averment that such liability of the person named was, in the language of the statute, "for money borrowed."

The form of the pleading is not to be commended, but it is thought that, taken by its four corners, it should be held to be sufficient. The defendant cannot be misled, or fail to understand the nature and scope of the charge. The term "loan" is the correlative of the term "borrow." A loan implies a borrowing, and in turn a borrowing implies a loan. The transaction prohibited by the statute is almost universally referred to as an excess loan, rather than an excess borrowing, and in drafting the indictment the pleader also has approached the transaction from the standpoint of the bank, rather than that of the borrower from the bank. I am inclined to think that to hold the charge insufficient upon this ground would be to impute undue sanctity to technical form.

[2] As to the other points urged against the first four counts: It is alleged that the unreported loan in each case was in excess of the legal limit; that is, "the limit of one-tenth of the unimpaired capital stock and surplus" of the bank. This is thought to be sufficient, without alleging in detail the amount of the capital stock and of the surplus; so, also, it is with sufficient clearness set forth by whom the alleged unreported loan was owing to the bank.

## Counts 5 and 6.

[3] In these two counts it is shown that the defendant made entries in the "Bills Receivable Ledger," purporting to exhibit a note owing to the bank from one Streeter, when in fact, as alleged, no loan at all was made to him for the sum stated in the entry, or for any other sum, and that the instrument covered by the entry, while in form signed by Streeter, "was a mere dummy note, given without any consideration whatsoever, and which was procured" by the defendant "for the purpose of concealing from the Comptroller" a real transaction, by which an excess loan was made to another patron of the bank.

While one cannot be charged with making a false entry, where the transaction, though unauthorized or unlawful or in some respects fraudulent, is correctly entered or reported, an entry or report, made by one knowing the facts, of a note or other instrument as real or genuine, which in truth is forged or spurious, or a mere sham, would fall within the denunciation of the statute. Here the gist of the charge is that the note, entered as alleged, was "a mere dummy," etc., and the whole question of the sufficiency of the charge turns upon the meaning to

be attached to the word "dummy." However inelegant the term, it has undoubtedly come into common use. We speak and hear of "dummy" directors of a corporation, "dummy" entrymen in connection with public land frauds, "dummy" contracts, etc. In its general significance it is perhaps more comprehensive and less distinctive in meaning than other words which might be named as its synonyms. "Sham" is possibly the closest equivalent. It implies a make-believe, a pretended, a feigned something—an imitation, a counterfeit in a general sense, but not necessarily fictitious or forged. If, as I take the term "dummy" here to mean, the Streeter note was a mere sham, a mere make-believe note, and the defendant knew such to be its character, he could not rightfully carry it as a real asset of the bank, and entries purporting to exhibit it as such would be false.

The other objections suggested, I have considered, but they are thought to be without merit.

The demurrer will be overruled as to all counts, and the defendant will be required to plead further.