## UNITED STATES v. DARBY

No. 653.   Argued March 14, 1933.—Decided April 10, 1933

*Mr. Whitney North Seymour* argued the cause, and *Solicitor General Thacher* and *Messrs. Paul D. Miller* and *William H. Ramsey* filed a brief, on behalf of the United States.

*Mr. Lucien H. Mercier* for appellee.

MR. JUSTICE CARDOZO delivered the opinion of the Court.

The case involves the construction of a statute of the United States which makes it a crime for an officer or employee of a federal reserve bank, or of any member bank, to make any entry in its books with intent to defraud. R.S. § 5209 as amended by the Act of Septem-

ber 26, 1918, c. 177, § 7, 40 Stat. 972; 12 U.S. Code, § 592.[1]

An indictment in sixteen counts charges the appellee, John G. Darby, with a violation of this statute. Eight entries are alleged to have been falsely made. Each has relation to a separate promissory note discounted by the Montgomery County National Bank of Rockville, Maryland. The notes bore the genuine signature of J. G. Darby as maker. They bore what appeared to be the signature of Bessie D. Darby as co-maker or endorser. In fact, as the appellee well knew, her signature was a forgery. With this knowledge he entered in the discount book the name of Bessie D. Darby as co-maker or endorser, and did this in the course of his employment as assistant cashier. The odd numbered counts charge an intent to injure and defraud the bank, and the even numbered counts an intent to deceive the officers of the bank and the Comptroller of the Currency. A demurrer to the indictment was sustained by the District Court on the ground that the discount of the paper had been recorded as it occurred, and hence that the entries were not false within the meaning of the statute. The case is here

---

[1] Sec. 5209. Any officer, director, agent, or employee of any Federal reserve bank, or of any member bank . . . who . . . makes any false entry in any book, report, or statement of such Federal reserve bank or member bank, with intent in any case to injure or defraud such Federal reserve bank or member bank, or any other company, body politic or corporate, or any individual person, or to deceive any officer of such Federal reserve bank or member bank, or the Comptroller of the Currency, or any agent or examiner appointed to examine the affairs of such Federal reserve bank or member bank, or the Federal Reserve Board; . . . shall be deemed guilty of a misdemeanor, and upon conviction thereof in any district court of the United States shall be fined not more than $5,000 or shall be imprisoned for not more than five years, or both, in the discretion of the court.

under the Criminal Appeals Act (Act of March 2, 1907, c. 2564, 34 Stat. 1246; 18 U.S. Code, § 682; cf. Judicial Code, § 238; 28 U.S. Code, § 345) upon an appeal by the Government.

" The crime of making false entries by an officer of a national bank with the intent to defraud . . . includes any entry on the books of the bank which is intentionally made to represent what is not true or does not exist, with the intent either to deceive its officers or to defraud the association." *Agnew* v. *United States,* 165 U.S. 36, 52. The act charged to the appellee is criminal if subjected to that test. At the time of the entry, no note was in existence with the signature of Bessie D. Darby as co-maker or endorser. No note with such a signature had been discounted by the bank. The forged signature was a nullity, as much so as if the name had been blotted out before the discount, or never placed upon the notes at all. Verity was not imparted to the entry by the simulacrum of a signature known to be spurious. *Agnew* v. *United States, supra; Coffin* v. *United States,* 162 U.S. 664, 683; *United States* v. *Morse,* 161 Fed. 429, 436; *Morse* v. *United States,* 174 Fed. 539, 552; *United States* v. *Warn,* 295 Fed. 328, 330; *Billingsley* v. *United States,* 178 Fed. 653, 659, 662; *Peters* v. *United States,* 94 Fed. 127, 144. As well might it be said that dollars known to be counterfeit might have been entered in the books as cash.

To read the statute otherwise is to be forgetful of its aim. Its aim was to give assurance that upon an inspection of a bank, public officers and others would discover in its books of account a picture of its true condition. *United States* v. *Corbett,* 215 U.S. 233, 241, 242; *Billingsley* v. *United States, supra.* One will not find the picture here. Upon the face of the books there was a statement to examiners that paper with two signatures had been discounted by the bank and was then in its possession.

In truth, to the knowledge of the maker of the entries, there were not two signatures, but one.

Nothing at war with our conclusion was said, much less decided, in *Coffin* v. *United States,* 156 U.S. 432, 462. The opinion in that case is to be read in the light of a later opinion in the same case (162 U.S. 664), and of the still later opinion in *Agnew* v. *United States, supra.* Whether the conclusion would be the same if the signature had been genuine, but the signer had been known to be an insolvent, or a man of straw (cf. *Cooper* v. *United States,* 13 F. (2d) 16; *Morse* v. *United States, supra; United States* v. *Warn, supra, Billingsley* v. *United States, supra*), there is no occasion to determine. Our decision does not go beyond the limits of the case before us.

The judgment should be reversed and the case remanded to the District Court for further proceedings in accordance with this opinion.                          *Reversed.*