**UNITED STATES v. MULLONEY.**

No. 12367.

District Court, D. Massachusetts.

Nov. 7, 1933.

Irving G. McCann, Sp. Asst. Atty. Gen., and Francis J. W. Ford, U. S. Atty., of Boston, Mass., for the United States.

Franklin R. Chesley, Marvin C. Taylor, and Phipps, Durgin & Cook, all of Boston, Mass., for defendant.

McLELLAN, District Judge.

The defendant demurs to and moves to quash an indictment containing two counts and charging the defendant with making or causing to be made certain allegedly false entries in the books of the Federal National Bank. The grounds for demurrer are similar to the reasons assigned for the motion to quash the indictment and may be treated together.

The two counts are alike except that they refer to different notes and different entries. Both counts state in substance that Daniel C. Mulloney, from June, 1923, to December, 1931, was president and director of the Federal National Bank, and that as such officer and director, he had such power of control, direction, and management over the business of the bank as enabled him to accomplish the offense charged.

It is averred that on September 2, 1930, the defendant, with intent to "injure and defraud said member bank and to deceive the officers and directors thereof and the Comptroller of the Currency and any agents or examiners appointed or to be appointed by duly constituted authority to examine the affairs of said member bank, wilfully and knowingly did unlawfully and feloniously make and cause to be made a certain false entry in a book of said member bank, then and there known, used and designated therein as the Collateral Discount Register No. 18, .and on Page 82 thereof, and being the ninth entry on said page, which said entry purported to show and did in substance and effect indicate and declare that on September 2, 1930, the said member bank loaned to one John V. O'Leary" a certain sum of money on his demand note dated September 1, 1930, which entry was false and known to the defendant to be false, "in this, that the said member bank had not on said September 2, 1930, loaned the said sum or any other sum to the said John V. O'Leary, whereas in truth and in fact said member bank had, on said date, loaned the

said sum to the said Daniel C. Mulloney, and that the said John V. O'Leary was only 'a man of straw' or a 'dummy' notemaker, and that the said loan was made for the use and benefit of the said Daniel C. Mulloney," as he well knew.

After the filing of the demurrer and before the filing of the motion to quash this indictment, the government filed a bill of particulars, setting forth a copy of the entries referred to in each count. The entry referred to in the first count, as set forth in the bill of particulars, is as follows:

| "Discount Register | | September 2, 1930 | | Debits |
|---|---|---|---|---|
| No. | Date | Promisor | Collateral—Endorsers | |
| 9 | Sept. 1 | John V. O'Leary | 150 sh. Inman Trust Realty Tr | |

| Previous Amount | Rate | Time When Due |
|---|---|---|
| New | 6 | Demand |

| Amount of Note | Discount | Proceeds | Approval |
|---|---|---|---|
| 29458 82 | | 29458 82 | |

| Time Loans With Collateral | Demand Loans With Collateral | |
|---|---|---|
| | 29458 82." | |

A similar entry applicable to the second count was also set forth by copy in the particulars.

The defendant urges that an accurate entry of a fraudulent transaction on the books of a bank cannot be regarded as a false entry, within the meaning of section 5209 of the Revised Statutes (12 USCA § 592), a copy whereof follows:

"§ 592. *Embezzlement, etc.* Any officer, director, agent, or employee of any Federal reserve bank, or of any member bank as defined in sections 221 to 225 of this title, who embezzles, abstracts, or willfully misapplies any of the moneys, funds, or credits of such Federal reserve bank or member bank, or who, without authority from the directors of such Federal reserve bank or member bank, issues or puts in circulation any of the notes of such Federal reserve bank or member bank, or who, without such authority, issues or puts forth any certificate of deposit, draws any order or bill of exchange, makes any acceptance, assigns any note, bond, draft, bill of exchange, mortgage, judgment, or decree, or who makes any false entry in any book, report, or statement of such Federal reserve bank or member bank, with intent in any case to injure or defraud such Federal reserve bank or member bank, or any other company, body politic or corporate, or any individual person, or to deceive any officer of such Federal reserve bank or member bank, or the Comptroller of the Currency, or any agent or examiner appointed to examine the affairs of such Federal reserve bank or member banks, or the Federal Reserve Board; and every receiver of a national banking association who, with like intent to defraud or injure, embezzles, abstracts, purloins, or willfully misapplies any of the moneys, funds, or assets of his trust, and every person who, with like intent, aids or abets any officer, director, agent, employee, or receiver in any violation of this section shall be deemed guilty of a misdemeanor, and upon conviction thereof in any district court of the United States shall be fined not more than $5,000 or shall be imprisoned for not more than five years, or both, in the discretion of the court. * * *"

█ It is true, as I view it, that it cannot be said that every entry of a fraudulent transaction constitutes a false entry. All depends upon the nature of the fraud.

In United States v. Darby, 289 U. S. 224, 53 S. Ct. 573, 574, 77 L. Ed. 1137, decided by the Supreme Court of the United States in April of this year, it was held that an entry purporting to show that a note was the note of A and B, when it was known that B's signature was forged, was a false entry, and since there was no occasion to decide it, the question as to whether the conclusion would be the same if the signature had been genuine but the signer was known to be an insolvent or a "man of straw" was left undetermined.

██ If it be true that such an entry does not constitute a false entry [Cf. Cooper v. United States (C. C. A.) 13 F.(2d) 16; Morse v. United States (C. C. A.) 174 F. 539, at page 552, 20 Ann. Cas. 938; United States v. Warn (D. C.) 295 F. 328, at page 330; Billingsley v. United States (C. C. A.) 178 F. 653], it does not follow that upon the allegations contained in this indictment, the demurrer should be sustained or the motion to quash allowed. While O'Leary, the notemaker, might have been liable upon the note which he signed [Federal Reserve Bank of Richmond v. Crothers (C. C. A.) 289 F. 777], and while no person can be held upon a promissory note unless he is named or described within the four corners of the instrument, the defendant was also liable if, as alleged in the indictment, the loan was made to him under the circumstances there stated. The fact that O'Leary was the only person liable on the note does not necessarily prevent an action against the defendant for what he received. Coaling Coal & Coke Co. v. Howard, 130 Ga. 807, 61 S. E. 987, 21 L. R. A. (N. S.) 1051; Pentz v. Stanton, 10 Wend. (N. Y.) 271, 25

Am. Dec. 558; Harper v. Tiffin National Bank, 54 Ohio St. 425, 44 N. E. 97; Williston on Contracts, § 303.

■ As stated in United States v. Darby, supra, the aim of the statute "was to give assurance that upon an inspection of a bank, public officers and others would discover in its books of account a picture of its true condition." The defendant was president of the bank, and his obligations to the bank should appear on its books. I do not mean to intimate that, standing alone, a failure to make an entry can be regarded as a false entry, but it would seem that the entry on the books of the bank of the O'Leary note, standing by itself, might well be regarded as a false entry, in view of the allegations in the indictment that O'Leary was a "dummy" notemaker and "a man of straw," and the allegation that the loan was in fact made, not to him, but to the defendant, Daniel C. Mulloney. "The crime of making false entries by an officer of a national bank with the intent to defraud * * * includes any entry on the books of the bank which is intentionally made to represent what is not true or does not exist, with the intent either to deceive its officers or to defraud the association." Agnew v. United States, 165 U. S. 36, at page 52, 17 S. Ct. 235, 241, 41 L. Ed. 624.

■ The defendant also argues that each count in the indictment is open to attack on the ground that it is duplicitous, because it is alleged that the false entry was made with intent "to injure and defraud said member bank, and to deceive the officers and directors thereof, and the Comptroller of the Currency, and any agents or examiners appointed or examiners appointed or to be appointed by duly constituted authority to examine the affairs of said member bank."

If, in view of section 5200 of the Revised Statutes (see 12 USCA § 84) providing that the total obligations of any person to a bank shall not exceed 10 per cent. of the amount of the capital stock of such association actually paid in and unimpaired, and 10 per cent. of its unimpaired surplus fund, and defining the term "obligations" as "the direct liability of the maker or acceptor of paper * * * and the liability of the indorser, drawer, or guarantor" of paper, or for any other reason, this view seems to require more than is reasonable from those who are in charge of the books of a bank, it is to be noted that false entries do not constitute an offense unless made with the intent to defraud or deceive. It is unnecessary to cite the authorities which show that the making of a false

entry with intent to do any of these things, constitutes a crime. Notwithstanding United States v. Norton (D. C.) 188 F. 256, it does not seem to me that this indictment is bad for duplicity. See Boone v. United States (C. C. A.) 257 F. 963.

■ The defendant urges also that the indictment is demurrable and should be quashed because it alleges that the defendant "made and caused" the entries to be made, and argues other alleged defects and imperfections in the indictment, all of which have received consideration, but as to which it is felt that they are not of such a character as to warrant the sustaining of the demurrer or the allowance of the motion to quash. While the false entries are set forth in substance and not by copy in the indictment, the particulars filed contain a copy of the entries, and these particulars, though no part of the indictment, limit the government to proof of their contents. As stated in the Act of Congress of May 18, 1933, by way of amendment of section 1025 of the Revised Statutes (18 USCA § 556), "No indictment found and presented by a grand jury in any district or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant."

The demurrer is overruled and the motion to quash the indictment is denied.