UNITED STATES of America, Appellee,

v.

Otha B. CHANDLER, Jr. a/k/a O.B. "Buddy" Chandler, Appellant.

No. 89–1989.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1990.

Decided Aug. 7, 1990.

David E. Smith, Benton, Ark., for appellant.

Michael D. Johnson, Little Rock, Ark., for appellee.

Before McMILLIAN, Circuit Judge, RE,* Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Otha "Buddy" Chandler, Jr. appeals his conviction on one count of causing a false entry to be made in a book, report or statement of a savings and loan association, a violation of 18 U.S.C. § 1006 (1988). We affirm.

## I.

Chandler was Vice President and Senior Commercial Loan Officer of Savers Federal Savings and Loan Association of Little Rock (Savers). In December 1983, he agreed, on behalf of Savers, to purchase ten $100,000.00 loans to assist one of the institution's customers. Originated by the Bank of Morton, Mississippi, the loans were sold to Savers "without recourse" via participation certificates.

Two letters were prepared during the course of this transaction. An officer of the Bank of Morton signed the first letter, which stated that the loans referred to above were purchased "with recourse." The second letter, signed by Chandler as an agent of Savers, declared that the transfer was made "without recourse." Chandler placed only the "with recourse" letter in the Savers loan file. When the customer defaulted, Savers attempted to collect from the Bank of Morton. The latter produced the "without recourse" letter, and Savers suffered a one million dollar loss.

In December 1988, Chandler was charged in a twenty-two count indictment. Count One, the only count relevant to this appeal, charged him with causing a false entry to be made in the books, reports or statements of Savers, a violation of 18 U.S.C. § 1006. After fourteen days of trial, the jury returned guilty verdicts on Count One, the false entry count, and on four counts of misapplication of funds. Chandler was sentenced to four years of incarceration, with a consecutive four-year term of probation, and fined a total of $15,000.00. On appeal to this Court, Chandler contends that Count One failed to charge an offense under the relevant statute and that the evidence was insufficient to sustain a conviction thereunder.

## II.

Chandler argues that Count One of the indictment "merely alleges that a letter ... was not in the files of Savers. It does not specify by description, or by a copy, a false entry in any book, report or statement of Savers." Appellant's Brief at 13. The pertinent language of Count One reads as follows:

---

* The HONORABLE EDWARD D. RE, Chief Judge of the United States International Trade Court, sitting by designation.

2. THE BANK OF MORTON, MISSISSIPPI, PARTICIPATION:

a. In or about December, 1983. O.B. "BUDDY" CHANDLER, JR., agreed, on behalf of Savers Federal Savings & Loan to purchase loans made by the Bank of Morton, Mississippi, to certain borrowers, which borrowers included James R. Hodges and William F. Smith. Part of the agreement was that Savers Federal Savings & Loan would have no right to seek payment from the Bank of Morton if the borrowers failed to pay the loans, that is, Savers Federal Savings and Loan agreed to purchase the loans "without recourse" against the Bank of Morton.

b. On or about December 22, 1983, O.B. "BUDDY" CHANDLER, JR., asked the Bank of Morton to prepare a document for his file stating that the loans referred to above were purchased "with recourse", which document O.B. "BUDDY" CHANDLER, JR., caused to be entered into the books, reports, or statements of Savers Federal Savings & Loan.

c. On or about December 22, 1983, O.B. "BUDDY" CHANDLER, JR., caused to be prepared and signed a letter, as an agent for Savers Federal Savings & Loan, stating that the loans referred to above were purchased "without recourse" which document O.B. "BUDDY" CHANDLER, JR., caused to be omitted from the books, reports, or statements of Savers Federal Savings & Loan.

d. As set forth above, in or about December, 1983, in the Eastern District of Arkansas, O.B. "BUDDY" CHANDLER, JR., with intent to deceive Savers Federal Savings & Loan, its officers, and agents, caused a false entry to be made in the books, reports, or statements of Savers Federal Savings & Loan.

Indictment at 2–3.

■ "An omission of material information as well as an actual misstatement qualifies as a false entry" for purposes of section 1006. *United States v. Jackson*, 621 F.2d 216, 219 (5th Cir.1980) (discussing 18 U.S.C. § 1005, a companion statute to section 1006, under which it is a criminal offense to make "any false entry in any book, report, or statement" of, *inter alia*, a national bank); *United States v. Copple*, 827 F.2d 1182, 1187 (8th Cir.1987) (omission can constitute a false entry under section 1005), *cert. denied*, 484 U.S. 1073, 108 S.Ct. 1046, 98 L.Ed.2d 1009 (1988). Clearly, the omission of the "without recourse" letter from Savers' loan file, as set forth in Count One of the indictment, falls within the scope of conduct proscribed by section 1006.

Section 1006 prohibits the making of "any false entry in any book, report or statement" of, *inter alia*, a savings and loan institution. This language appears to be "broad enough to cover any document or record of [the institution] that would reveal pertinent information for [its] officers or directors." *United States v. Foster*, 566 F.2d 1045, 1052 (6th Cir.1977), *cert. denied*, 435 U.S. 917, 98 S.Ct. 1473, 55 L.Ed.2d 509 (1978). It would defy logic to contend that a bank loan file is not such a record.

The above conclusions are consistent with the purpose of the statute "to give assurance that upon an inspection of a bank, public officers and others would discover in its books of account a picture of its true condition." *United States v. Darby*, 289 U.S. 224, 226, 53 S.Ct. 573, 574, 77 L.Ed. 1137 (1933) (discussing predecessor to section 1005). We therefore hold that Count One adequately charged an offense under section 1006.

■ We also hold that, viewing the evidence, as we must, in the light most favorable to the jury verdict, *see United States v. Rankin*, 902 F.2d 1344, 1345 (8th Cir. 1990), the record contains sufficient evidence to sustain a conviction under section 1006. The pertinent loan files containing the "with recourse" letter, the "without recourse" letter that was not in the loan file, and the testimony of the government's witnesses regarding Chandler's role in the transaction "furnish the necessary support for the jury's verdict." *Glasser v. United States*, 315 U.S. 60, 81, 62 S.Ct. 457, 470, 86 L.Ed. 680 (1942).

Accordingly, Chandler's conviction on Count One of the indictment is affirmed.