976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ismat T. KHALAF, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rosalinda HENRY, Defendant-Appellant.
 Nos. 91-10409, 91-10442.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 17, 1992.
Decided Sept. 23, 1992.
 
 1
 Before KOZINSKI and DAVID R. THOMPSON, Circuit Judges, and KELLEHER, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Ismat T. Khalaf and Rosalinda Henry were co-defendants in a jury trial for an alleged "check kiting" scheme. The jury found Khalaf guilty of aiding and abetting the misapplication of bank funds in violation of 18 U.S.C. §§ 656 and 2. The jury convicted Henry for making false entries and unauthorized transactions in violation of 18 U.S.C. § 1005. Both defendants appeal. We have jurisdiction under 18 U.S.C. § 3742. We affirm.
 
 BACKGROUND
 
 4
 Appellant Henry was an Assistant Vice President and Operations Officer for a branch office of Valley National Bank ("VNB") in Phoenix, Arizona. Appellant Khalaf was a signatory on a VNB business checking account at Henry's branch.
 
 
 5
 The evidence at trial revealed that Khalaf had developed a scheme whereby he purchased cashier's checks at VNB with out-of-state insufficient checks. VNB's records never reflected the unusual activity because Henry waited to record Khalaf's purchases until the out-of-state checks cleared. Eventually, the scheme resulted in an approximate $3 million loss to VNB.
 
 
 6
 Both appellants contend that their conviction should be reversed because the district court failed to give their proposed good faith jury instruction. Khalaf also asserts that the district court failed to give his reasonable doubt instruction. Henry alleges several other errors: (1) there was insufficient evidence to sustain her conviction, (2) use of the term "check kiting" prejudiced her case, and (3) the lower court violated her Confrontation Clause rights.
 
 DISCUSSION
 I. GOOD FAITH JURY INSTRUCTION
 
 7
 In this circuit, we have not resolved whether a district court's denial of a proposed jury instruction is reviewed de novo or for an abuse of discretion. United States v. Whitehead, 896 F.2d 432, 434 (9th Cir.), cert. denied, 111 S.Ct. 342 (1990). We need not resolve that issue here, as under either standard the lower court did not commit reversible error.
 
 
 8
 It is well-settled that a criminal defendant is entitled to a jury instruction which provides a legal defense to the charge against him or her and has some foundation in the evidence and the law. See United States v. Yarbrough, 852 F.2d 1522, 1541 (9th Cir.), cert. denied, 488 U.S. 866 (1988). Khalaf and Henry's good faith theory of defense was supported by the law, see, e.g., United States v. Haddock, 965 F.2d 1534, 1547 (10th Cir.1992), and there was some evidence of good faith on part of both appellants.
 
 
 9
 Nevertheless, this circuit does not mandate a good faith instruction when the district court renders an adequate instruction on specific intent. United States v. Alcantar, 832 F.2d 1175, 1179 (9th Cir.1987); see also United States v. Green, 745 F.2d 1205, 1209 (9th Cir.1984), cert. denied, 474 U.S. 925 (1985).
 
 
 10
 In the instant case, the district court first instructed the jury that it must find beyond a reasonable doubt that Khalaf "knowingly and intentionally aided" Henry and that he "acted with the knowledge and intention of helping ... Henry commit misapplication of funds." The court then instructed the jury that "[a]n act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake or accident." Finally, the court defined "wilfully misapplies" as any "unauthorized or unjustifiable or wrongful use of the moneys, funds or credits of the bank."
 
 
 11
 The court then instructed as to appellant Henry. It stated that Henry was guilty of violating § 1005 only if she "knew the entry was false when it was made" and "intended that the entry deceive Valley National Bank." The court continued:
 
 
 12
 [e]ven where ... Henry had knowledge of lack of funds at the time the checks were drawn, any fraudulent intent on her part is removed by proof that she had a reasonable expectation that deposits in the form of "good funds" would cover the checks at the time they were presented for payment.
 
 
 13
 (Emphasis added.)
 
 
 14
 We find that overall the instructions conveyed to the jury that a finding of the appellants' good faith would negate their culpability. The instructions make clear not only the intent necessary to be found guilty, but that the appellants' actions would be excused if done with "justification" or "reasonable expectations" of sufficient funds. It seems clear that a reasonable juror would have known that the appellants' acts were excused if performed in "good faith."
 
 
 15
 Both appellants cite United States v. Unruh, 855 F.2d 1363 (9th Cir.1987), for the proposition that a good faith instruction is necessary in section 656 and 1005 cases.
 
 
 16
 In Unruh, this court reversed and remanded a § 656 conviction for failure to give a requested instruction on the defendant's good faith belief that the bank's board had consented to the transactions. Id. at 1370. We found support for the instruction in the record and recognized that, as an evidentiary matter, the instruction may assist in determining intent or willfulness. We did not hold that a bank board's alleged consent was a per se defense. Id.
 
 
 17
 The facts in Unruh are distinguishable. Unruh was the assistant to an attorney who was a board member of the bank. She worked under the assumption that the board had passed a policy approving of its "loans" to her boss and that he had the money to cover such loans. Id. at 1369. Under such peculiar circumstances, we held that the district court's instructions did not inform the jury adequately that the board's alleged consent could negate Unruh's criminal intent. Id. at 1370. Nowhere did we reject the holding in Alcantar that an adequate specific intent instruction would cover a good faith defense instruction. See Alcantar, 832 F.2d at 1179.
 
 
 18
 In the instant case, there were no similar circumstances warranting an explication of the intent instructions. Officer Henry was in a position to know of VNB's policies and never provided any evidence at trial that VNB's board had consented to or even knew of Khalaf's overdrafts.
 
 
 19
 Moreover, the district court's specific intent instructions adequately told the jury that the appellants' good faith would negate their criminal intent. The court explained and defined several aspects of the specific intent instruction as to each appellant. For example, the court defined "act" and "willful" and repeatedly emphasized that the appellants must have the intent to deceive in order to be found guilty. When viewed in their entirety, the instructions more than adequately convey to the jury that if the appellants acted in good faith, i.e., without the intent to deceive, they could not be found guilty.
 
 II. REASONABLE DOUBT INSTRUCTION
 
 20
 Khalaf asserts that the district court's jury instruction regarding reasonable doubt impermissibly reduced the government's burden of proof.
 
 
 21
 This court has held that a trial court may refuse to define reasonable doubt. United States v. Nolasco, 926 F.2d 869, 873 (9th Cir.) (en banc ), cert. denied, 112 S.Ct. 111 (1991). Nevertheless, if a trial court chooses to render a supplemental instruction, it must ensure that the instruction does not detract from the heavy burden suggested by the use of the term "reasonable doubt." Id.
 
 
 22
 The district court's "firmly convinced" language does not run afoul of the holding enunciated in Cage v. Louisiana, --- U.S. ----, 111 S.Ct. 328, 329-30 (1990). In Cage, the district court's instruction defined reasonable doubt as a doubt which gives "rise to a grave uncertainty," constitutes "an actual substantial doubt," and requires "moral certainty." 111 S.Ct. at 329. The Cage Court found that the words "substantial" and "grave" suggested a higher degree of doubt than is required for acquittal under the reasonable doubt standard. Id. at 329-30.
 
 
 23
 In contrast, the district court's instructions here did not suggest impermissibly that the jury had to have more than just a reasonable doubt in order to acquit. Moreover, the court's stressing to the jury that it needed to be "firmly convinced" that the defendant is guilty highlighted the high degree of certainty required to convict.
 
 
 24
 III. SUFFICIENCY OF THE EVIDENCE FOR § 1005 CONVICTION
 
 
 25
 Appellant Henry contends that the evidence was insufficient to sustain her conviction for violating 18 U.S.C. § 1005 in light of the government's bill of particulars. We disagree.
 
 
 26
 In analyzing the sufficiency of the evidence, this court must determine whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government. United States v. Dorotich, 900 F.2d 192 (9th Cir.1990). As long as a rational jury could have found the appellant guilty, the conviction must be upheld. United States v. Loya, 807 F.2d 1483 (9th Cir.1987).
 
 
 27
 Henry asserts that the government is limited in its proof at trial to its response. See Land v. United States, 177 F.2d 346 (4th Cir.1949). Henry has failed to demonstrate, however, any contradiction between the government's evidence at trial and its response in the bill of particulars.
 
 
 28
 The record reveals that Henry failed to make pertinent entries in VNB's records regarding Khalaf's account. Under § 1005, an omission of material information qualifies as a false entry. See United States v. Cordell, 912 F.2d 769 (5th Cir.1990). The government's response to the bill of particulars notified Henry that her omissions constituted her misrepresentation.
 
 
 29
 Henry also contends that the government failed to prove that she had the requisite intent to make false entries as required by § 1005. Again, the record supports the jury's finding that Henry, an experienced bank officer, intended to create an inaccurate picture of the bank's financial condition. See United States v. Darby, 289 U.S. 224, 226, 53 S.Ct. 573, 574 (1933).
 
 
 30
 IV. USE OF THE TERM "CHECK KITING"
 
 
 31
 Henry asserts that the trial court erred in allowing the term "check kiting" to be used by the government, as it is not a "cognizable federal criminal offense" and its use prejudiced her case at trial.
 
 
 32
 A district court's decision to admit evidence is reviewed for abuse of discretion. United States v. Sanchez-Lopez, 879 F.2d 541, 553 (9th Cir.1989). A district court's denial of an in limine motion is also reviewed for an abuse of discretion. United States v. Wallace, 848 F.2d 1464 (9th Cir.1988). Similarly, a trial court's decision regarding the balancing test of Rule 403 is reviewed for abuse of discretion. United States v. Patterson, 819 F.2d 1495 (9th Cir.1982).
 
 
 33
 We disagree with Henry's assertions. First, any evidence of appellant's activities relating to the program to honor insufficient fund checks was relevant to the charges. Second, use of the term "check kiting" was minimal at trial. In light of the evidence supporting her conviction, Henry has failed to demonstrate any unfair prejudice by the term's use.
 
 
 34
 V. HENRY'S RIGHT TO CROSS-EXAMINE WITNESSES ON THE ISSUE OF BIAS
 
 
 35
 Henry also contends that the trial court erred by precluding her from cross-examining VNB employees regarding their possible bias because of VNB's civil lawsuit against her.
 
 
 36
 A trial court's determination of the scope of the cross-examination will not be disturbed on appeal unless appellant demonstrates an abuse of the court's discretion. United States v. Lopez, 885 F.2d 1428 (9th Cir.1989), cert. denied, 110 S.Ct. 748 (1990).
 
 
 37
 When cross-examination concerns bias, the test is whether the jury had sufficient information to assess the witness' bias without the excluded information. United States v. Bleckner, 601 F.2d 382, 385 (9th Cir.1979). This court has reversed when there is a reasonable possibility that the defendant's inability to cross-examine for bias materially affected the verdict. See United States v. Jones, 766 F.2d 412 (9th Cir.1985).
 
 
 38
 Henry has failed to demonstrate, by offer of proof or otherwise, what bias a witness may have had and how such cross-examination would have affected the verdict. In addition, Henry's counsel was afforded a limited opportunity to explore the bias issue.
 
 
 39
 More importantly, any further explanation of the underlying civil suit may have hurt Henry instead of aided her. In light of the evidence supporting her conviction and the improbability that any questions regarding the underlying civil suit would have affected the jury's verdict, we conclude that the district court did not abuse its discretion.
 
 
 40
 Judgment is AFFIRMED.
 
 
 
 *
 Hon. Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3