## BOWER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. March 3, 1924. Rehearing Denied March 28, 1924.)

No. 4136.

1. **Banks and banking** ⊜288½, New, vol. 11A Key-No. Series—Each false entry in books on reports of Federal Reserve Bank constitutes separate offense.

Under the provision of Rev. St. § 5209, as amended by Act Sept. 26, 1918, § 7 (Comp. St. Ann. Supp. 1919, § 9772), making "any false entry in any book, report or statement" of a Federal Reserve Bank or member bank a criminal offense, each such entry constitutes a separate offense,

---

though they may have been made on the same day and in the same book or report.

2. **Banks and banking** ⊜≫288½, **New, vol. 11A Key-No. Series—Indictment for embezzlement held sufficient.**

An indictment under Rev. St. § 5209, as amended by Act Sept. 26, 1918, § 7 (Comp. St. Ann. Supp. 1919, § 9772), charging an officer or employee with embezzlement of a stated sum, and that a more particular description of the money or funds was to the grand jurors unknown, *held* sufficient.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

Criminal prosecution by the United States against Oliver Bower. Judgment of conviction, and defendant brings error. Affirmed.

Edward J. Kelly, of San Diego, Cal., for plaintiff in error.

Joseph C. Burke, U. S. Atty., and John R. Layng, Sp. Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. Section 5209 of the Revised Statutes, as amended by the act of September 26, 1918 (40 Stat. 972 [Comp. St. Ann. Supp. 1919, § 9772]), provides that any officer, director, agent, or employee of any Federal Reserve Bank, or of any member bank, as defined in the Act of December 23, 1913, known as the Federal Reserve Act (38 Stat. 251), who embezzles, abstracts, or willfully misapplies any of the moneys, funds, or credits of such Federal Reserve Bank or member bank, or who makes any false entry in any book, report, or statement of such Federal Reserve Bank or member bank with intent in any case to injure or defraud such Federal Reserve Bank or member bank, or any other company, body politic or corporate, or any individual person, or to deceive any officer of such Federal Reserve Bank or member bank, or the Comptroller of the Currency, or any agent or examiner appointed to examine the affairs of such Federal Reserve Bank or member bank, or the Federal Reserve Board, shall be punished as therein provided.

The indictment, in this case, charges 33 violations of the above section, in as many counts. On the present writ of error, however, we are only concerned with counts 2, 4, 6, 8, 18 and 33. The second, fourth, sixth, eighth, and eighteenth counts charge the making of false entries in the daily statement of condition of the bank on the 26th day of October, 1922, and the thirty-third count charges the embezzlement of certain moneys, funds, and credits of the bank, to the amount and value of $125,095.45, and that a more particular description of said moneys, funds, and credits is to the grand jurors unknown.

[1, 2] The plaintiff in error contends that the several counts based on the making of false entries charge but a single crime, and that the description of the moneys, funds, and credits in the last count is defective and insufficient. These objections are without merit. The statute prohibits the making of any false entry, not the making of a false report, and each false entry constitutes a separate and distinct

---

⊜≫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

crime, even though the several entries are made on the same day and contained in the same statement or report. Morse v. United States, 174 Fed. 539, 552, 98 C. C. A. 321, 20 Ann. Cas. 938. The description of the moneys, funds, and credits in the last count of the indictment is sufficient as against a demurrer. Sheridan v. United States, 236 Fed. 305, 149 C. C. A. 437; Williams v. United States (C. C. A.) 275 Fed. 129.

There is no error in the record, and the judgment is affirmed.