## RICE v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit. February 9, 1929.

No. 5328.

Thos. J. Walsh, of Memphis, Tenn., for appellant.

John H. Cook, U. S. Atty., of Clarksdale, Miss., and Lester G. Fant, Asst. U. S. Atty., of Holly Springs, Miss.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is an appeal from an order of the District Court denying a petition of appellant to review the sentence imposed by the court upon appellant under her plea of guilty to an indictment containing three counts, charging her with violations of the internal revenue law. The assignments of error present two questions for decision.

First. Were the offenses charged in the indictment existing offenses when committed, or had the pertinent provisions of the revenue law been then superseded and repealed by the National Prohibition Law (27 USCA). This question had been answered by the case of United States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358, as to offenses committed after November 23, 1921, the date of the passage and taking effect of the Supplemental Prohibition Act, commonly called the Willis-Campbell Act (42 Stat. 222). In the Stafoff Case the Supreme Court said: "But the Supplemental Act that we have quoted puts a new face upon later dealings. From the time that it went into effect it had the same operation as if instead of saying that the laws referred to shall continue in force it had enacted them in terms. The form of words is not material when Congress manifests its will that certain rules shall govern henceforth. Swigart v. Baker, 229 U. S. 187, 198 [33 S. Ct. 645, 57 L. Ed. 1143]. Of course, Congress may tax what it also forbids. 256 U. S. 462 [41 S. Ct. 551, 65 L. Ed. 1043]. For offenses committed after the new law, United States v. Yuginovich cannot be relied upon." The offenses charged in the indictment were alleged to have been committed after the Willis-Campbell Act had become effective, and were existing offenses, when committed. The plea of guilty waived all defenses other than that the indictment charged no offenses under the laws of the United States.

Second. The appellant contends that the sentence of three years was excessive upon the theory that the indictment, though containing three separate counts, charged but one offense under the revenue laws, and justified the imposition of two years only, which was the maximum term of imprisonment for any of the offenses charged in any of the three separate counts. Whether there would have been but one offense charged had all counts of the indictment, as properly construed, related to the identical same facts, need not be determined. All the counts

682

charged the offense to have been committed "about or on the 7th day of November in the year of our Lord nineteen hundred and twenty-seven." Under such averments the appellee could have proven without variance any offenses that had been committed at any time prior to the date alleged within the period of the Statute of Limitations. Upon the appellant's plea of guilty to the indictment, the District Court could rightfully assume that the three counts presented separate offenses, and this court on appeal must make the same assumption. The appellant's plea of guilty to the three counts of the indictment authorized imposition of the maximum upon every one of the three counts. The sentence of three years was within the competency of the court, and not excessive.

The petition to or bill of review was rightfully denied, neither ground sustaining it, and the judgment and sentence of the District Court is affirmed.