# UNITED STATES v. ADAMS.

## SAME v. SAME.

Nos. 281 and 282. Argued March 6, 1930.—Decided April 14, 1930.

*Assistant Attorney General Sisson,* with whom *Assistant Attorney General Luhring,* and *Messrs. George C. Butte* and *Harry S. Ridgely* were on the briefs, for the United States.

*Mr. T. H. Caraway* for Adams.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The defendant was indicted for a false entry in a book of a bank of which he was president, and which was a member of the Federal reserve system. The entry imported that he had made a deposit of $75,000 to the

credit of himself and sons, which it is averred that he had not made. The book was a ledger showing the account of D. D. Adams & Sons, among others, with the bank. The defendant pleaded a former acquittal. The previous indictment was for a false entry in another book of the bank known as the journal ledger and daily balance book, and imported a remittance of $75,000 to another bank to the credit of the defendant's own for which the defendant took credit as above stated. This remittance was a draft for $75,000 which it was alleged that Adams was not entitled to draw. The two entries had reference to the same transaction, were based upon the same draft and were the correlated means of accomplishing a single fraud if fraud there had been. The District Court held that on its construction of Rev. Sts. § 5209, as amended by the Act of September 26, 1918, c. 177, § 7, 40 Stat. 967, 972; U. S. C., Title 12, § 592, there could be but one prosecution for false entries based upon any single draft, even though several different entries were made in the different books of the bank, all relating to the same. Therefore it sustained the plea. The United States appealed.

It is a short point. The statute punishes any officer of a Federal reserve bank who makes any false entry in any book of the bank with intent, &c. The Government contends for the most literal reading of the words, and that every such entry is a separate offense to be separately punished. But we think that it cannot have been contemplated that the mere multiplication of entries, all to the same point and with a single intent, should multiply the punishment in proportion to the complexity of the bookkeeping. The judgment in this case is affirmed.

The second case presents a more delicate question than the previous one, although it was thought by the District Court to come under the same principle. This indictment is for a false entry in a report of conditions of the defendant's bank showing as due from banks other

than Federal reserve banks $138,409.52 instead of the true sum $91,284.27. The plea of former acquittal we take as intended to allege that the difference was made by three items in respect of which the defendant had been indicted for false entries in the books of the bank, of a similar character to those in the other case, with intent to defraud the bank and the examiners appointed to examine its affairs. On this indictment also the defendant was acquitted. It is obvious that technically the plea was bad because the offense alleged was a different offense. The report is not an entry in the books of the bank and does not purport to be a mere transcript of entries. It is a present affirmation as to the resources of the bank—a document different from the books of the bank and having a different purpose. But although not technically a former acquittal, the judgment was conclusive upon all that it decided. *United States* v. *Oppenheimer,* 242 U. S. 85. It establishes that at the time of making the entries, the defendant was not guilty of an intent to defraud the bank or the examiners. It does not establish that the entries were true, although that might have been a ground for the verdict. *Washington, Alexandria & Georgetown Steam Packet Co.* v. *Sickles,* 5 Wall. 580. *De Sollar* v. *Hanscome,* 158 U. S. 216, 221, 222. An alternative possible ground is that although the entries were untrue the defendant believed them to be true or for some reason believed them to be justified. However unlikely it may be that there was a different intent at the time of the later act from that with which the entries were made in the books of the bank, it is entirely possible that the defendant supposed himself to be acting lawfully at the earlier moment, but that he had acquired more accurate knowledge before he signed the report, that he then knew that it was false and was guilty then although not before.

281.   Judgment affirmed.
282.   Judgment reversed.