## UNITED STATES v. DE ANGELO.
### No. 8319.

Circuit Court of Appeals, Third Circuit.
Argued Sept. 8, 1943.
Decided Oct. 28, 1943.

Harold Simandl, of Newark, N. J., for appellant.

Charles A. Stanziale, Asst. U. S. Atty., of Newark, N. J. (Charles M. Phillips, U. S. Atty., of Trenton, N. J., on the brief), for appellee.

Before JONES, GOODRICH, and Mc-LAUGHLIN, Circuit Judges.

JONES, Circuit Judge.

The appellant, DeAngelo, and two others (William Vasilick and James Francis Rooney) were jointly indicted, under appropriate statute,[1] for having robbed on October 17, 1940, within the district of New Jersey, two messengers of the First National Bank & Trust Company, of Pompton Lakes, New Jersey, of funds belonging to the bank which was a member of the Federal Reserve System. At the same time, they were also indicted by separate bill for having conspired between September 1 and December 1, 1940, within the district of New Jersey, to commit the robbery embraced by the indictment first above referred to. The conspiracy indictment set forth eleven overt acts allegedly committed by one or more of the defendants in furtherance of the conspiracy. Five of the alleged overt acts involved DeAngelo and all averred aggregately the presence of each of the defendants at the scene of the robbery and his participation therein.

Each of the defendants plead not guilty to each of the indictments. At the trial of the robbery indictment, which was had first, the jury found Vasilick and Rooney guilty but acquitted DeAngelo on all counts. Subsequently, all three defendants were brought to trial on the conspiracy indictment. All were convicted and sentenced. DeAngelo alone appeals.

In outlining the conspiracy case, the United States Attorney, after reading the indictment to the jury, stated that "The government contends and will prove that all the defendants participated in the substantive offense which was the object of the conspiracy and joined in and committed the overt acts which I have read to you." Evidence thought to show DeAngelo's presence at and participation in the robbery was then offered by the government. This evidence consisted, for the most part, of the testimony of one Hughes who testified to a certain conversation in his presence between Vasilick, Rooney and DeAngelo (to whom Hughes had just been introduced) in the early part (first week or ten days) of September, 1940, outside a tavern in Clifton, New Jersey, and that, after that, Hughes had seen Rooney and DeAngelo together several times. Also one Spurling who had operated the tavern in Clifton testified that in the latter part of July or early August, 1940, and again about a month later (latter part of August or early part of September), DeAngelo had come into his tavern and had inquired for Rooney. DeAngelo was not otherwise identified as having been present at the scene of the robbery on October 17, 1940.

At the close of the government's case counsel for DeAngelo moved for a directed verdict on the ground that the evidence as to his client was insufficient to support a verdict of guilt. This motion, as well as one to like effect at the close of the case, was denied. The trial court's action in such regard furnishes the basis for the appellant's first contention.

Even if the evidence was insufficient to support a finding that DeAngelo was the perpetrator of one or more of the overt acts committed in connection with the robbery, we think that the conversation between Vasilick, Rooney and DeAngelo in Clifton the early part of September, 1940, as related by Hughes, if believed by the jury, was sufficient to make DeAngelo a party to the alleged conspiracy which was the offense for which he was then on trial. For proof of that offense, it was unnecessary for the government to show that DeAngelo was a perpetrator of one of the overt acts (all of which related to the actual robbery) so long as there was proof, as

---

[1] Act of May 18, 1934, c. 304, § 2, 48 Stat. 783, 12 U.S.C.A. § 588b.

there was, that another of the co-conspirators committed one of the overt acts alleged. While a conspiracy is pending the act of one conspirator in furtherance of the object of the conspiracy is considered the act of all of them and is evidence against all of them. See Logan v. United States, 144 U.S. 263, 308, 309, 12 S.Ct. 617, 36 L.Ed. 429. This rule is so well known as not to call for extended citation of authority. The assignments based on the alleged insufficiency of the evidence are overruled.

Upon opening DeAngelo's defense at the trial of the conspiracy indictment, his counsel proposed to outline to the jury his intention to prove that the issue of DeAngelo's presence at and participation in the robbery had been present in and was material to the trial for robbery and that the jury's verdict of acquittal conclusively answered that issue adversely to the conspiracy indictment's allegations and the testimony offered by the government in support thereof. The court refused counsel the right so to proceed and, later, sustained the government's objections to counsel's subsequent offers to prove the issues involved in the robbery trial, the questions of fact (relevant to the indictment and plea) submitted by the court to the jury in that trial, and the answers which the jury gave to those questions as indicated by their general verdict of not guilty. For the purposes of the record, the trial court did permit the introduction of the robbery indictment in evidence for the comparative disclosure that the overt acts charged against DeAngelo and the other defendants in the conspiracy indictment covered the same conduct which was the basis of the indictment for the robbery. The robbery indictment was received in evidence, however, subject to the limitation that it be not disclosed or otherwise made known to the jury. The trial court's denial of DeAngelo's offers of proof in this connection constitutes the basis of the appellant's second contention.

The question thus presented is whether the government is estopped from re-litigating in a criminal trial facts theretofore materially in issue at a former trial between the same parties for a different criminal offense which resulted in a verdict of acquittal. In the present instance, the question arises out of the trial court's rejection of the accused's offers of proof at the second trial in the following particulars. As conclusive refutation of certain evidence adduced by the government, the accused proposed to prove the former verdict of acquittal and that the material issues at the first trial, as to the accused's alleged presence at and participation in the robbery, were the same issues as were involved in certain of the government's allegations and offers of proof at the second trial. This, the trial court denied the accused the right to do.

In Frank v. Mangum, 237 U.S. 309, 333, 334, 35 S.Ct. 582, 590, 59 L.Ed. 969, the Supreme Court, after citing Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 42 L.Ed. 355, in support of the fundamental principle that "a question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction cannot afterwards be disputed between the same parties", said that "The principle is as applicable to the decisions of criminal courts as to those of civil jurisdiction." And, again, in United States v. Oppenheimer, 242 U.S. 85, 87, 88, 37 S.Ct. 68, 69, 61 L.Ed. 161, 3 L.R.A. 516, the Supreme Court quoted with approval from the case of The Queen v. Miles, 24 Q.B.D. 423, 431, concerning the finality of "the matter so adjudicated upon [i.e. in criminal court]," Hawkins J., having there said that "In this respect the criminal law is in unison with that which prevails in civil proceedings." The conclusiveness of a fact which has been competently adjudicated by a criminal trial is not confined to such matter only as is sufficient to support a plea of double jeopardy. Even though there has been no former acquittal of the particular offense on trial, a prior judgment of acquittal on related matters has been said to be conclusive as to all that the judgment determined. Cf. United States v. Adams, 281 U.S. 202, 205, 50 S.Ct. 269, 74 L.Ed. 807. The matter is one of collateral estoppel of the prosecutor. Nor can there be any requirement of mutuality with respect to a criminal judgment's conclusiveness. An accused is constitutionally entitled to a trial de novo of the facts alleged and offered in support of each offense charged against him and to a jury's independent finding with respect thereto. But a "rule of evidence" has been recognized "which accords to the accused the right to claim finality with respect to a fact or group of facts previously determined in his favor upon a previous trial."

See United States v. Carlisi, D.C.E.D.N.Y., 32 F.Supp. 479, 482.

The pertinency of the foregoing rule depends upon what facts the verdict of acquittal in the former criminal trial served to conclude and whether the facts so determined are again put in issue by the government's allegations and proofs at a subsequent trial of the same defendant for another criminal offense. Here, the robbery indictment had alleged DeAngelo's presence at and his participation in the robbery; and the government had offered proof in support of those allegations. The appellant's plea of not guilty to the indictment had there put in issue every material allegation of fact contained in the indictment. Cf. Luteran v. United States, 8 Cir., 93 F.2d 395, 400; Ezzard v. United States, 8 Cir., 7 F.2d 808, 811. And throughout the trial for the robbery the defendant's plea of not guilty served as his continuing denial of the evidence offered against him by the prosecution pursuant to its ever-present burden of proof. Cf. Smith v. United States, 8 Cir., 208 F. 131, 133; Prettyman v. United States, 6 Cir., 180 F. 30, 42.

Among the facts so litigated and submitted for the jury's determination at the trial for the robbery were the questions as to whether DeAngelo was present at and had participated in the robbery as the driver of the car used in the perpetration of the robbery. The jury, by its verdict of acquittal as to DeAngelo, determined those issues adversely to the government's allegations. They should not therefore have been gone into again at the trial of the conspiracy indictment; and, when reintroduced by the government, the appellant was entitled to show the former verdict of acquittal and what it had concluded as to the facts. We think that the trial court's rejection of the appellant's offers, which became relevant because of the government's allegations and evidence, constituted substantial error. Cf. Crawford v. United States, 212 U.S. 183, 203, 29 S.Ct. 260, 53 L.Ed. 465, 15 Ann.Cas. 392. It was of course unnecessary for the government, in the light of the evidence as to the co-conspirators, to prove that DeAngelo was an actual perpetrator of one of the overt acts alleged. But, for the government to re-litigate in the conspiracy trial the facts as to DeAngelo's alleged presence at and participation in the robbery and the resubmission of those issues allowed the jury in the conspiracy case to find the facts in such regard contrary to the findings as impliedly established by the verdict of acquittal of the robbery. Such a finding by the jury in the conspiracy case was capable of directly influencing the verdict to the appellant's harm.

The former acquittal was not, however, a bar to the prosecution of the conspiracy indictment. No question of double jeopardy is involved. The first trial was for robbery and the second for conspiracy, both relating to the same unlawful transaction, it is true, but separate and distinct offenses none the less. Nor were the facts as established by the verdict of acquittal of the robbery a defense to the conspiracy charge. As established by the verdict at the robbery trial, such facts became relevant and material in the conspiracy trial only because of the government's reintroduction of the particular issues.

The judgment of the District Court is reversed and the case remanded with directions that a new trial be granted the appellant.