## Ex parte THOMAS.
### No. 309.

District Court, E. D. Kentucky.
April 29, 1944.

Claude P. Stephens, U. S. Atty., of Prestonsburg, Ky.

Richard P. Stoll, of Lexington, Ky., for petitioner.

FORD, District Judge.

The petitioner, Fred Thomas, is now confined in the United States Public Health Service Hospital at Lexington, Kentucky, under a sentence imposed by the District Court of the United States for the District of Oregon. He seeks a writ of habeas corpus to secure his release.

It appears from the record that on January 18, 1936, in the United States District Court of Oregon, the petitioner entered a plea of "guilty as charged therein" to an indictment returned in that Court against him containing three separate counts. The first count charged that on January 6, 1936, at Portland, Oregon, the defendant sold a quantity of morphine "without having registered and paid the special tax", in violation of section 1 of the Harrison Narcotic Act, 38 Stat. 785, 26 U.S.C.A. Int.Rev.Code §§ 3221, 3224 (formerly 26 U.S.C.A. § 699); the second charged, as of the same date and place, the sale of a quantity of morphine "not then and there in the original stamped package, nor from the original stamped package" in violation of another provision of section 1 of the Harrison Narcotic Act, as amended, 44 Stat. 97, 26 U.S.C.A. Int.Rev.Code § 2553 (formerly 26 U.S.C.A. § 692); and the third count charged that on January 6, 1936, in Portland, Oregon, he sold a quantity of morphine in violation of the Narcotic Import Statute, 21 U.S.C.A. § 174.

On January 23, 1936, the Court sentenced the petitioner to a term of five years imprisonment for the offenses charged in counts 1 and 2 to be served concurrently. For the offense charged in count 3 the Court imposed a consecutive sentence of ten years imprisonment to commence upon the termination of the sentences under the first two counts.

The concurrent sentences under counts 1 and 2 and part of the sentence imposed under count 3 have been served.

The basis of petitioner's claim to the right to be released upon habeas corpus is that because the Narcotic Import Statute, 21 U.S.C.A. § 174, provides that possession of a narcotic drug "shall be deemed sufficient evidence to authorize conviction" for violation of that statute, establishment of the offenses charged in counts 1 and 2 necessarily established, without further proof, the offense charged in count 3 and since it is the established rule that the law regards offenses as identical when the same evidence is sufficient to establish each of them, the charge set out in count 3 subjected him to double jeopardy and the imposition of the sentence thereunder constituted double punishment for the offense set out in the first two counts in violation of the provision of the Fifth Amendment to the Constitution of the United States that no person shall be subject for the same offense to be twice put in jeopardy.

This contention proceeds upon the assumption that all three counts relate to and are based upon one and the same sale or transaction. The petitioner so alleges in his application for the writ, but it is not alleged that the question was raised or any such claim asserted at the time of his arraignment or sentence. Nor is it alleged that at that time petitioner was not represented by counsel or that he did not competently and intelligently waive his constitutional right to such assistance.

More than eight years ago, without questioning the separate nature of the charges against him or asserting any claim of double jeopardy under any of them, the petitioner, by entering his plea of guilty, obviated introduction of proof to show the particular facts upon which the charges against him were based. It is now too late to amplify the record by the introduction of proof in respect to such matters in this collateral proceeding. United States v. Mulligan, 2 Cir., 67 F.2d 321; Brady v. United States, 8 Cir., 24 F.2d 399; Levin v. United States, 9 Cir., 5 F.2d 598; United States v. Harrison, D.C., 23 F.Supp. 249. We are, therefore, confined to the con-

sideration of the face of the indictment in determining the question presented. The third count of the indictment, upon its face, states a separate substantive offense constituting a violation of a law of the United States entirely different and distinct from the statute upon which the first two counts are based. The mere fact that the offense, set out in the third count, is alleged to have occurred in the same city and on the same day as the other offenses charged, does not warrant the assumption that it arose out of the same transaction. The petitioner may have made many separate sales of morphine in Portland, Oregon, on the same day. The Government may have been in a position to establish a separate and distinct transaction as the basis for each of the three counts. There is nothing upon the face of the indictment which would have precluded such a showing.

Upon the petitioner's plea of guilty, without claiming that any of the separate charges subjected him to double jeopardy, the Court rightfully interpreted each count of the indictment as charging a separate offense, subject to a separate penalty. Rice v. United States, 5 Cir., 30 F.2d 681; Watkins v. Zerbst, Warden, 10 Cir., 85 F.2d 999. Also, see Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306.

Upon this record, there is no adequate showing that the District Court of Oregon lacked the power and jurisdiction to impose the separate consecutive sentence which was imposed under count 3 of the indictment, and petitioner's imprisonment pursuant thereto, not having been fully served, this Court is without power or authority to grant the relief sought.