## UNITED STATES v. BERG.

### No. 10808.

United States District Court
S. D. California, S. D.

Sept. 24, 1948.

James M. Carter, U. S. Atty., and Ernest A. Tolin, Chief Asst. U. S. Atty., both of Los Angeles, Cal., for plaintiff.

Sidney A. Cherniss of Los Angeles, Cal., for defendant.

WEINBERGER, District Judge.

The prosecution herein was instituted on April 28, 1947, by the filing of an information, the defendant having consented that proceedings might be had by information in lieu of indictment.

By the information, the defendant is charged under Section 20(7) of Title 49 U.S.C.A. with having made certain false entries in the records kept by a common carrier, the Atchison, Topeka and Santa Fe Railway Company. By each count a different false entry is charged; each entry appears to relate to a different transaction. All entries are charged to have been made on or about April 4, 1947, except that the seventh count charges the entry described therein to have been made on or about April 5, 1947. All entries are charged to have been made on page 2 of the Cash Items Statement for March, 1946, of the records of the said Company, except the entry mentioned in count 7.

The defendant, upon his plea of guilty to all counts of the information, was, on May 1, 1947, sentenced on Counts 1, 2, 3 and 4, to be imprisoned for two years for each Count, service of said sentences to be consecutively. A sentence of two years imprisonment was imposed on each of Counts 5 and 6, said sentences to be served concurrently with that imposed for Counts 1 and 2; on Count 7 defendant was sentenced to two years imprisonment, said sentence to be served at the expiration of the sentence imposed on Count 4, and the execution of said sentence on Count 7 was suspended.

The defendant was incarcerated at McNeil Island, Washington, and under date of April 23, 1947, there was filed by the defendant in propria persona a motion to

---

correct the judgment and sentence. Defendant thereafter filed a waiver of venue, and it appearing that defendant was not financially able to employ counsel, an attorney was appointed by the Court to represent said defendant in presenting the motion.

Briefs were filed, and after arguments by counsel, the matter was submitted for decision.

It is the contention of the defendant that each of the 7 counts of the information with which he was charged was predicated upon one typewritten report of cash items, and there being but one report, defendant could be charged with but one count, and that the Court committed error in sentencing defendant upon more than one count.

In support of his contention, defendant cites Krench v. United States, 6 Cir., 42 F. 2d 354; United States v. Adams, 281 U.S. 202, 50 S.Ct. 269, 74 L.Ed. 807; Munson v. McClaughry, 8 Cir., 198 F. 72, 42 L.R.A., N.S., 302; Stevens v. McClaughry, 8 Cir., 207 F. 18; United States v. Weiss, D.C., 293 F. 992, and other cases.

Krench v. United States, 6 Cir., 42 F.2d 354, 356, deals with an indictment charging in one count the unlawful bringing into the United States of merchandise, and in another count with having conspired to bring in the merchandise; the accused did not actually bring the merchandise into the country, but procured others to do so, and it was upon that basis he was found guilty of the first count. The Circuit Court held:

"* * * although it is competent for Congress to create separate and distinct offenses growing out of the same transaction, where it is necessary in proving one offense to prove every essential element of another growing out of the same act, a conviction of the former is a bar to a prosecution for the latter. * * * The facts which the government was forced to rely upon in this case to prove the substantive offense charged in the first count also proved the offense charged in the third count, and in our opinion it was double punishment to pass sentence upon appellant on both counts."

In Munson v. McClaughry, 8 Cir., 198 F. 72, 42 L.R.A.,N.S., 302, a defendant was charged in one count with breaking into and entering a postoffice, with intent to commit larceny, and in another count with stealing postage stamps after he entered. He was sentenced on both counts. Counsel for the Government argued that the offenses named were separate ones; the Circuit Court held that the same criminal intent inspired each transaction, and each was provable by the same evidence, and that the subdivision of such a single criminal act, inspired by the same criminal intent, into numerous offenses was unauthorized and oppressive; that when the Court sentenced the defendant for burglary with intent to commit larceny, its power to inflict punishment upon the defendant was exhausted, and the sentence for larceny was in excess of the jurisdiction.

In Hostetter v. United States, 8 Cir., 16 F.2d 921, at page 923, it is stated:

"* * * the United States Supreme Court, in the case of Morgan v. Devine, 237 U.S. 632, at page 640 et seq., 35 S.Ct. 712, 59 L.Ed. 1153, disapproved the case of Munson v. McClaughry, and we think both the McClaughry Cases in effect overruled."

In Morgan v. Devine, 237 U.S. 632, at page 640, 35 S.Ct. 712, at page 714, 59 L. Ed. 1153, the United States Supreme Court stated:

"But the test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent and are such as are made punishable by the act of Congress."

In United States v. Adams, 281 U.S. 202, 50 S.Ct. 269, 74 L.Ed. 807, defendant was first indicted and acquitted on the charge of making a false entry in the journal ledger and daily balance book concerning a draft of $75,000; he was later indicted for making an entry concerning the same draft in another book of the bank; the Supreme Court held that the two entries had reference to the same transaction, were based upon the same draft, and were the correlated means of accomplishing a single fraud, if fraud there had been; that there could be only one prosecution for false entries based upon any single draft, even

though several different entries were made in the different books of the bank, all relating to the same.

The United States, in its brief in the case before us, has cited Bower v. United States, 9 Cir., 296 F. 694, 695, certiorari denied 266 U.S. 601, 45 S.Ct. 90, 69 L.Ed. 462, among other cases. The defendant in the case last cited made numerous false entries upon a statement of the bank's condition; the Circuit Court stated:

"The statute prohibits the making of any false entry, not the making of a false report, and each false entry constitutes a separate and distinct crime, even though the several entries are made on the same day and contained in the same statement or report."

The facts in United States v. Adams, 281 U.S. 202, 50 S.Ct. 269, 74 L.Ed. 807, are not analogous to the facts which were before this Court. In the Adams case, each of the entries, though in different books, related to the same transaction. In the instant case, though six of the entries were made in the same report, each entry related to a different transaction, and the seventh entry was placed in a different portion of the records of the carrier, and related to a different matter.

It is our opinion that the rule announced in Bower v. United States, 9 Cir., 296 F. 694, is applicable to prosecutions under the statute with which we are concerned, and that the making of each false entry constitutes a separate crime. We are further persuaded to this view by a consideration of the purpose of the statute, as reviewed in United States v. Fruit Growers' Express Co., 279 U.S. 363, 49 S.Ct. 374, 376, 73 L.Ed. 739:

"The general object of the statute was to require that common carriers should keep reliable records of the receipts and expenditures of and for each shipment which was the subject of transportation. They were intended to be an ultimate protection, not to the carriers, but to the shippers, to secure a proper accounting of the expenditures that might properly be charged to each shipper on the basis of the tariff published in accordance with law. * * *"

We therefore conclude that the motion of the defendant to correct the judgment and sentence should be denied.

The United States Attorney will prepare a formal order in accordance with this opinion and present said order for signature within five days from date hereof.