**BERG v. UNITED STATES.**

No. 12076.

United States Court of Appeals Ninth Circuit.

June 15, 1949.

Writ of Certiorari Denied Nov. 7, 1949.

See 70 S.Ct. 137.

---

Ray Berg, in pro. per.

James M. Carter, U.S. Attorney, Ernest A. Tolin, Chief Asst. U.S. Attorney, Norman W. Neukom, Asst. U.S. Attorney, Leila F. Bulgrin, Asst. U.S. Attorney, Los Angeles, Cal., for appellee.

Before STEPHENS, and HEALY, Circuit Judges, and FEE, District Judge.

JAMES ALGER FEE, District Judge.

The appellant was sentenced upon his plea of guilty to several counts of an information. Each count charged the making of a false entry upon a report of a carrier to the Interstate Commerce Commission, contrary to 49 U.S.C.A. § 20(7). The appellant was advised of his rights and offered counsel by the District Judge, but he rejected counsel in the original proceeding and pleaded guilty. The sentence followed. No appeal was taken from the judgment.

After commitment, appellant moved for modification of judgment and sentence, for the following reasons: (1) That no traveler or shipper was injured and therefore there was no jurisdiction to pronounce sentence. (2) Since appellant had embezzled $31,819.51 and each of the false entries was made to conceal this single fact, only one crime was involved. (3) That the crime of grand theft, for which appellant was sentenced by the state court of California, is part and parcel of this crime and he has been placed in double jeopardy. (4) Each count of the indictment charged a false entry on a date when appellant was outside the Southern District of California. (5) That the sentence was too severe, and the trial judge should not have taken into consideration the amount of money taken in passing sentence.

The sentencing judge, the Honorable Jacob Weinberger, before whom the instant motion was also brought, proceeded carefully and circumspectly. A waiver of venue in writing from appellant was filed permitting the matter to be heard in the Central Division of the Southern District of California, instead of in the Southern Division thereof, where the indictment was filed and the sentence pronounced. Thereupon, the judge appointed counsel for appellant and held a hearing. Briefs were submitted by both parties. The judge thereupon entered an opinion denying the motion. Thereafter, upon petition of appellant, the judge permitted this appeal in forma pauperis.

A careful opinion was written by the District Judge[1]. With this we agree. However, we may summarize our answer to the propositions of appellant. This motion was not an effort to have the trial judge modify the sentence in his discretion, but proceeded on the ground that the sentence was void. Appellant is attempting to use a motion for correction of sentence as a substitute for appeal, as a substitute for habeas corpus, and as a measure to enforce mitigation of sentence.

But the writ of coram nobis, which is crystallized in the statute, was intended to afford relief against a void sentence. Since it was an appeal to the trial judge on the record, there was no personal appearance of the movant required.

A discussion of the general nature of the contentions of appellant will be helpful. Several questions of fact are raised. Not one of such questions relates to a jurisdictional fact.[2] The court had jurisdiction of the crime and of the appellant. Each count of the indictment stated a crime on its face. Each of the questions of fact, if material, was conclusively established by his plea of guilty to the particular count. If he desired consideration of these matters, he should have stood trial and have later brought these up on appeal.[3] No sentence on plea of guilty could stand if this were not the rule. As it is, appellant has admitted he did the acts as alleged in each

---

[1] United States v. Berg, 79 F.Supp. 1021.

[2] Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036.

[3] "Extra-record evidence referred to in brief will not be considered on appeal." Morris v. District of Columbia, 75 U.S. App.D.C. 284, 124 F.2d 284.

count of the indictment, with the required intent.

■ A plea of guilty means guilty as charged in the indictment.[4] If the indictment states no basis for jurisdiction, such a plea will not create a sufficient charge.[5] However, by a plea of guilty, all averments of fact are admitted,[6] all defects not jurisdictional are cured,[7] all defenses are waived and the prosecution is relieved from the duty of proving any facts.[8] The effect is the same as if the defendant had been tried before a jury and had been found guilty upon evidence covering all material facts.[9] Where there are several counts and there is a plea of guilty to each respectively, the sentencing court must assume that each count states a separate crime.[10] After judgment and sentence upon such a voluntary admission by plea of guilty, the matter is concluded and no proof will be received on habeas corpus or otherwise to assail collaterally the judgment,[11] unless absence of jurisdiction makes it void.

■ Thus, by his pleas of guilty to the several counts that his intent and purpose was to injure those whom the statute sought to protect, the valid charges of the indictments are established.[12] If proof of any injury to a shipper or traveler would have been required on trial to establish guilt, that proof was furnished by his admission. Appellant thereby furnished conclusive evidence that each of the entries was a separate crime. No proof can be submitted now that appellant was sentenced in the California courts for grand larceny of the same sum of money which is connected with the several charges of this indictment. Double jeopardy is a personal defense and is waived by plea of guilty.[13]

■ None of the defendant's positions is well founded as matter of law. The fact that the statute may have been designed to protect the traveler and shipper does not prevent the prosecution of anyone who falsifies the record of a carrier in the manner denounced by the statute.[14] The falsification of the several entries was punishable in each instance as a separate crime.[15] Each entry required proof of additional facts, in order to establish the sep-

---

[4] " * * * plea * * * means guilty as charged in the indictment." 9 Edmunds, Cyc.F.Pro., 2nd Ed., Sec. 4231, page 365. Ex parte Farlow, D.C. 272 F. 910, 911.

[5] "The plea of guilty waived all defenses other than that the indictment charged no offenses under the laws of the United States." Rice v. United States, 5 Cir., 30 F.2d 681.

[6] "The pleas of guilty admitted all averments of fact and waived any defect in form of allegations." Weir v. United States, 7 Cir., 92 F.2d 634, 635, 114 A.L.R. 481.

[7] "Waives all defects not jurisdictional." Weir v. United States, supra.

[8] " * * * which relieved the government of the necessity of further proof on that question of fact." United States v. Luvisch, D.C., 17 F.2d 200, 202.

[9] " * * * same position * * * as though he had been found guilty by verdict of a jury." Kachnic v. United States, 9 Cir., 53 F.2d 312, 315, 79 A.L.R. 1366.

[10] " * * * the District Court could rightfully assume that the three counts presented separate offenses." Rice v. United States, supra. Ex parte Thomas, D.C., 55 F.Supp. 30.

[11] All this is well established in this circuit. Forthoffer v. Swope, 9 Cir., 103 F.2d 707, 708. Weatherby v. United States, 10 Cir., 150 F.2d 465, 466.

[12] "Consequently, by the pleas, appellants admitted that the banks in question were 'nonmember banks' but that they were insured, participating in the benefits created by the Congress under the Federal Deposit Insurance Corporation Act [12 U.S.C.A. § 264]. The questions submitted, therefore, are wholly legal in character." Weir v. United States, supra.

[13] Brady v. United States, 8 Cir., 24 F.2d 399.

[14] Cf. United States v. Fruit Growers Express Co., 279 U.S. 363, 49 S.Ct. 374, 73 L.Ed. 739; Krench v. United States, 6 Cir., 42 F.2d 354; United States v. Adams, 281 U.S. 202, 50 S.Ct. 269, 74 L.Ed. 807.

[15] See under an analogous statute, 12 U.S.C.A. 592 [now 18 U.S.C.A. § 1005]; Bower v. United States, 9 Cir., 296 F. 694, certiorari denied 266 U.S. 601, 45 S.Ct. 90, 69 L.Ed. 462; Morse v. United States, 2 Cir., 174 F. 539, 20 Ann.Cas. 938; (Cf. United States v. Adams, 281 U.S. 202, 50 S.Ct. 269, 74 L.Ed. 807, but

arate crime, whether made on the same report or different reports.[16] False entry on the records of a carrier is a crime against the United States. Grand theft is a crime against California. Even if the motivation were to make good the abstraction of a single sum, each of the sovereignties was offended.[17]

 Even if it be true that the date alleged for the commission of a crime is not a true one or even a possible one, this does not invalidate the indictment.[18] The charge of a date in an indictment is not a material allegation which must be proved as laid. A stock charge to the jury in a misdemeanor case is in substance as follows:

"The Government need not prove the crime, if any, was committed on the exact day laid in the indictment. It is sufficient if it be proved beyond a reasonable doubt that the crime charged was committed at any time within two years before the date of the finding of the indictment."

If the fact was material, appellant admitted it by his plea of guilty and cannot question it now.

 The penalty imposed was within the discretion of the court. Even if we believe it unduly severe, instead of believing, as we do, that the sentence is just, we would have no power to interfere.[19] The trial judge had a right to consider the policy of protection of the record of the carrier from fraudulent entry. He had indicated by raising the bond from $5,000.00 to $25,000.00, before sentence was pronounced, that he considered the crime a heinous one. Appellant was not led astray. Naturally, appellant does not desire to pay the penalty imposed. No pressure or persuasion by United States Attorney or other official is alleged.

The District Judge protected all the rights of appellant. No question of fact relating to the jurisdiction of the court over the crime charged or over appellant was presented. The denial of the motion for modification and correction of judgment and sentence is affirmed.

---

see United States v. Darby, 289 U.S. 224, 53 S.Ct. 573, 77 L.Ed. 1137; Bozel v. United States, 6 Cir., 139 F.2d 153; Kennedy v. United States, 4 Cir., 275 F. 182.

16 Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. Two sales of narcotics a day apart. "The test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately. * * * If the latter, there can be but one penalty." Wharton's Criminal Law, 11th Ed., Sec. 34. See also Remaley v. Swope, 9 Cir.,

100 F.2d 31, 32; Matthews v. Swope, 9 Cir., 111 F.2d 697.

17 United States v. Lanza, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314; Cross v. North Carolina, 132 U.S. 131, 137, 10 S.Ct. 47, 33 L.Ed. 287; Hudspeth v. Melville, 10 Cir., 127 F.2d 373; by state court, Sligh v. Kirkwood, 65 Fla. 123, 61 So. 185, affirmed 237 U.S. 52, 35 S.Ct. 501, 59 L.Ed. 835.

18 Ledbetter v. United States, 170 U.S. 606, 612, 18 S.Ct. 774, 42 L.Ed. 1162.

19 United States v. Minuse, 2 Cir., 142 F.2d 388, 390.