**UNITED STATES of America**
v.
**Paul SIMON.**
No. 11563.

United States Court of Appeals
Third Circuit.

Argued June 13, 1955.

Decided July 22, 1955.

---

2. Selinsky v. Olsen, 1951, 38 Cal.2d 102, 237 P.2d 645, and Peterson v. Burkhalter, 1951, 38 Cal.2d 107, 237 P.2d 977.

Walter D. VanRiper, Newark, N. J. (Morris Pashman, Passaic, N. J., on the brief), for appellant.

Albert G. Besser, Newark, N. J. (Raymond Del Tufo, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and McLAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit judge.

The indictment in its first count charges the defendant-appellant with having received stolen goods (turkeys) on September 14, 1953 and in the second count with guilty possession of those goods on September 17, 1953. The case was tried once before and resulted in an acquittal of the defendant on the first count and a verdict of guilty on the second. Thereafter defendant moved to set the verdict aside, for a new trial and arrest of judgment. Newly discovered evidence was not urged originally as a ground for the motion. The court in view of the verdict, feeling its charge might not have been adequate as to the second count, set aside the verdict on the second count "in the interest of justice". Rule 33, Federal Rules of Criminal Procedure.

At the second trial all of the evidence with respect to the receiving of the goods on the 14th which had been given at the first trial was again introduced. This was over the objection of the defense and included testimony by the admitted thief of delivery of the turkeys to the defendant on the 14th and telling him in effect at that time that they were stolen property. A new conviction was obtained and this appeal followed.

Appellant concedes that receiving and possession of the same stolen merchandise can well be separate crimes, but contends that the only evidence of guilty knowledge has to do with the receipt of the goods on the 14th and hence under the so-called "same evidence" test, see Morgan v. Devine, 1915, 237 U.S. 632, 641, 35 S.Ct. 712, 59 L.Ed. 1153, any trial for possession as well as receiving under these circumstances constitutes double jeopardy. Appellant's factual assumption is erroneous. There was evidence apart from the receipt that appellant acquired knowledge that the turkeys had been stolen after he had received them; for example, that such knowledge was acquired by means of or as a result of appellant's interviews on September 17th with two separate teams of F.B.I. agents who questioned him about stolen "Lynbrook" turkeys, the possession of which he at that time denied. That evidence clearly relates to the possession count and

is distinct from the receiving charge.[1] See United States v. Adams, 1930, 281 U.S. 202, 205, 50 S.Ct. 269, 74 L.Ed. 807.

 In the alternative, appellant contends that it was error to admit in the second trial testimony regarding the events of September 14th. He frankly states that the receipt of the turkeys on the 14th can be shown as by itself it proves nothing[2] but he urges that the testimony imputing guilty knowledge to him at the time the turkeys were delivered has been eliminated from the case by his acquittal on the receiving count. We think this argument sound. Since the first jury did not believe that evidence and said so by its verdict it cannot thereafter be used on the theory of it being an integral part of the chain of proof on the possession count.

The issue is not whether there can be inconsistent verdicts from one trial, cf. Dunn v. United States, 1932, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, but rather whether the Government is estopped from relitigating in a second trial facts already determined in the first. This case is accordingly controlled by our decision in United States v. De Angelo, 3 Cir., 1943, 138 F.2d 466.[3] There the defendant was acquitted of robbery and then tried for conspiring to commit robbery. We held there was no double jeopardy but on the question of "whether the government is estopped from re-litigating in a criminal trial facts theretofore materially in issue at a former trial between the same parties for a different criminal offense which resulted in a verdict of acquittal" we reversed, saying, 138 F.2d at page 469:

"It was of course unnecessary for the government, in the light of the evidence as to the co-conspirators, to prove that DeAngelo was an actual perpetrator of one of the overt acts alleged. But, for the government to re-litigate in the conspiracy trial the facts as to DeAngelo's alleged presence at and participation in the robbery and the resubmission of those issues allowed the jury in the conspiracy case to find the facts in such regard contrary to the findings as impliedly established by the verdict of acquittal of the robbery. Such a finding by the jury in the conspiracy case was capable of directly influencing the verdict to the appellant's harm."

At the trial of the case at bar the issue on the particular point was presented to the court as one of double jeopardy, not as the simple problem, which it was, of re-litigation of decided facts. As a result in addition to competent evidence the Government was allowed to introduce testimony of guilty knowledge on the 14th contrary to the first jury's verdict of acquittal on the receiving count. It is impossible to gauge the effect of this on the jury. It may have been the decisive factor. It may have been disregarded. In that situation the defendant is plainly entitled to a new trial.

 Appellee suggests that appellant's motion for a new trial on the second count of the indictment following his first conviction thereunder was made out of time and that therefore the trial court's order setting aside the jury verdict and granting a new trial on the sec-

---

1. Moreover, since appellant requested the new trial on the second count, he can be held to have waived the plea of double jeopardy. Stroud v. United States, 1919, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103.

2. Possession of the turkeys by appellant is uncontroverted.

3. Cited with approval in Sealfon v. United States, 1948, 332 U.S. 575, 578, 68 S.Ct. 237, 239, 92 L.Ed. 180, wherein the Supreme Court said:

"But res judicata may be a defense in a second prosecution. That doctrine applies to criminal as well as civil proceedings (United States v. Oppenheimer, 242 U.S. 85, 87, 37 S.Ct. 68, 69, 61 L.Ed. 161; United States v. De Angelo, 3 Cir., 138 F.2d 466, 468; Harris v. State, 193 Ga. 109, 17 S.E.2d 573, 147 A.L.R. 991; see Frank v. Mangum, 237 U.S. 309, 334, 35 S.Ct. 582, 590, 59 L.Ed. 969) and operates to conclude those matters in issue which the verdict determined though the offenses be different."

ond count was without jurisdiction. The verdict of guilty on the second count in the first trial was rendered on October 29, 1954, a Friday. Notice of motion for a new trial was filed in Trenton, N. J. with the clerk of the district court on November 5, 1954, seven days later. Rule 33 of the Federal Rules of Criminal Procedure, 18 U.S.C. provides that a motion for a new trial based on any ground other than newly discovered evidence must be made "within 5 days after verdict * * * or within such further time as the court may fix during the 5-day period." See United States v. Smith, 1947, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610. Rule 45(a) states:

> "When a period of time prescribed or allowed is less than 7 days, intermediate Sundays and holidays shall be excluded in the computation."

Rule 56 provides that the clerk's office "shall be open during business hours on all days except Sundays and legal holidays." The notes of the Advisory Committee on Rules states:

> "The term 'legal holidays' includes Federal holidays as well as holidays prescribed by the laws of the State where the clerk's office is located."

October 31, 1954 was a Sunday. November 2, 1954, Election Day, was a legal holiday in New Jersey. N.J.S.A. 36:1-1. So even on the Government's theory, excluding Sunday and the holiday as they should be, defendant's notice of motion for a new trial was filed in time and the district court had jurisdiction to grant the motion.[4]

The judgment against the defendant-appellant on the second count of this indictment will be reversed and the case remanded for a new trial on that count.

---

4. Had the notice actually been out of time we doubt whether the Government could at this late date raise this question since it previously withdrew its motion to vacate the order granting a new trial, did not pursue its remedy of mandamus, see United States v. Smith, supra, and not only acquiesced in but prosecuted the second trial. See United States v. Hoth, 9 Cir., 1953, 207 F.2d 386. Furthermore, there is no appeal or cross assignment of error based upon the new trial order, see United States v. Scrinopskie, 5 Cir., 1950, 179 F.2d 959, and if there were, we question whether this issue could be raised by the Government under the Criminal Appeals Act. 18 U.S.C. § 3731 (1952); see United States v. Lias, 4 Cir., 1949, 173 F.2d 685.