**James William YAWN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16164.**

United States Court of Appeals
Fifth Circuit.

May 17, 1957.

TUTTLE, Circuit Judge, concurring specially.

Wayne E. Ripley, Jacksonville, Fla., for appellant.

E. Coleman Madsen, Asst. U. S. Atty., Jacksonville, Fla., James L. Guilmartin, U. S. Atty., Southern Dist. of Florida, Miami, Fla., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

Appellant, convicted below of conspiracy to violate the Internal Revenue Code by unlawfully possessing and controlling distilling apparatus and distilled spirits, and engaging in the business of a distiller without paying taxes thereon, is here insisting that a reversal is required principally because one of ten overt acts allegedly committed in furtherance of the conspiracy had been judicially determined against the Government and in favor of appellant in a former trial. Overt act November 9 of the one-count indictment was an allegation of joint possession by appellant and two alleged coconspirators December 3, 1953, of an unregistered distillery located in a dwelling house on Chapman's Road in Duval County, Florida. The week preceding the instant conspiracy trial, appellant had been acquitted [1] by a jury of the substantive charge of possession,

1. Neither the indictment nor the record of the former trial were included in this record or even offered below by appellant's counsel. But the question is preserved for review because the record makes clear, as Government counsel conceded below and here, that overt act Number 9 had previously been "made into a substantive count' and tried by a jury," and the Court's rulings were clearly based on the premise that the point was conceded.

26 U.S.C.A. § 2810 (since recodified), of the identical still at the identical time and place.

■■■■ There can be no question but that the doctrine of *res judicata* is applicable to criminal trials. Sealfon v. United States, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180. While *res judicata* is related to double jeopardy and in certain cases may have an identical effect, Sealfon v. United States, supra; Ehrlich v. United States, 5 Cir., 145 F.2d 693; Cosgrove v. United States, 9 Cir., 224 F.2d 146, it may have determining effect in situations where double jeopardy is unquestionably inapplicable. United States v. Oppenheimer, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161. In general, the doctrine "operates to conclude those matters in issue which the verdict determined though the offenses be different." Sealfon v. United States, supra [68 S. Ct. 239]. This Court has phrased it, "A question or issue determined by a prior acquittal may not be relitigated in a criminal proceeding against the same person." Williams v. United States, 5 Cir., 179 F.2d 644, at page 650, affirmed on other grounds United States v. Williams, 341 U.S. 70, 71 S.Ct. 581, 95 L.Ed. 758.

■■■ In the present case the Government had, and has, every right to establish the guilt of the accused of the separate offense of conspiracy to violate the liquor tax laws despite the acquittal of unlawful possession of the still. Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489. But to allow the Government to have a second opportunity to establish the precise fact of possession decided by another Court of competent jurisdiction in favor of the accused is to ignore the rule that " * * the same facts can not be twice litigated by the same sovereign against the same defendant." Serio v. United States, 5 Cir., 203 F.2d 576, at page 578, certiorari denied 346 U.S. 887, 74 S.Ct. 144, 98 L. Ed. 391. We hold that the Government was precluded as a matter of law under these circumstances from making such an attempt.[2] United States v. DeAngelo, 3 Cir., 138 F.2d 466, cited with approval by the Supreme Court in Sealfon v. United States, supra, and by this Court in Williams v. United States, supra. And to ascribe a different legal meaning to "possession" is litigated in the first trial from "possession" litigated in the second would be an exercise in semantics unwarranted in this fact situation both

2. The Trial Court twice thought likewise. In a pre-trial conference the judge ruled that the evidence could not be used during the trial of Yawn. After the jury had been impaneled but before opening statements, the Court on motion by the Government modified its decision so as to allow the prosecution to prove possession of the still by the other two alleged co-conspirators. During argument on this point the Court pointed out that it would be "most inconsistent" for the Government to attempt to establish possession by Yawn: " * * * the jury on the substantive offense has found that the defendant is not guilty * * * of being in possession of an unregistered distillery at this particular dwelling house, and if he is not guilty, then how can he be guilty along with others at the same time of the same thing, after the jury has said he is not guilty?" Government counsel seemed to concede the correctness of this position: "I am not trying to prove that * * * I am not going to even mention his [Yawn's] name * *

I want to prove all the overt acts as to this conspiracy, with the understanding that Yawn shall not be attempted to be tied to this still * * *."

The Government did not shift from this position during the trial until all save two of its witnesses had testified. At that point Government counsel, relying principally on Bacom v. Sullivan, Sheriff, 5 Cir., 200 F.2d 70, certiorari denied 345 U.S. 910, 73 S.Ct. 651, 97 L.Ed. 1345 (a case involving not *res judicata* but double jeopardy), successfully urged the Court to reverse its ruling and allow the prosecution to offer evidence of possession of the still by Yawn as well as his alleged co-conspirators.

And even on this appeal, the Government devotes its entire energies to the undoubtedly correct but immaterial contention that double jeopardy is not applicable to this case.

When finally offered, its purpose was plainly stated in the jury's presence:

"The Court:

"The Court understands, Mr. District

in law and in reason, cf. United States v. Williams, 341 U.S. 58, 71 S.Ct. 595, 95 L.Ed. 747; United States v. Adams, 281 U.S. 202, 50 S.Ct. 269, 74 L.Ed. 807; United States v. Morse, D.C.N.Y., 24 F. 2d 1001; see United States v. McConnell, D.C.Pa., 10 F.2d 977. Nor can it be doubted that the erroneous admission of the questioned evidence over vigorous and timely objection was harmful to the defendant in this trial.

While unnecessary, strictly speaking, under the view we have taken as to this issue of the case which requires that the case be remanded for a new trial, we have examined the other assignments of error and find them without merit.

Reversed and remanded.

TUTTLE, Circuit Judge (specially concurring).

I concur in the decision here, but believe it appropriate to note a somewhat different approach to the result. I think it not erroneous for the court to have permitted in the circumstances of this trial the introduction of the evidence complained of.[1] Any evidence that would tend to identify Yawn with the other conspirators in the carrying on of the business of distilling liquor is, I think, relevant, and it cannot be said that the verdict of acquittal decided either that Yawn did not run from the house or that there was no still there. The verdict of acquittal is not the finding of any single affirmative fact. Nonetheless, under the ruling of the Supreme Court in the Sealfon case, proof of the facts alleged in the overt act in the conspiracy case cannot be permitted to establish the overt act on which conviction of conspiracy must depend when there has been an acquittal on the same facts charged in a substantive count. If here, in other words, the court had admitted the evidence on the question of the existence of the conspiracy and furtherance of *other* overt acts of the indictment and had charged that overt act number 9

Attorney, the testimony is offered for the purpose of establishing the ninth alleged overt act of the charge in this case?"
"Mr. Madsen: That is correct."

could not be the basis of a conviction, there would have been no error.

Although the defendant took no exception to the charge as given and did not request the suggested charge, it is clear that all parties to the proceeding fully understood the issues and the defendant's counsel had fully sought protection of the defendant's rights in this regard. The failure to charge was plain error of which we can take note and I agree that the error was prejudicial.

1. This was merely the testimony of the agent that he had seen Yawn running from the house on Chapman Road on the date in question, and that he had later found a still in operation in that house.